MEMORANDUM **
Tetyana Spesovska, a native and citizen of the Ukraine, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) *948 order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Spesovska asserts persecution on account of her religion and political opinion. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for rehearing in part, deny in part and remand for further proceedings.
We examine the record to determine whether substantial evidence supports the conclusion that Spesovska is not credible. See Gui v. I.N.S., 280 F.3d 1217, 1225 (9th Cir.2002). Substantial evidence does not support the BIA’s adverse credibility determination. The BIA based its adverse credibility determination on Spesovska’s unresponsiveness during her testimony. The administrative record, however, demonstrates that Spesovska answered every question she was asked. See Singh v. Ashcroft, 301 F.3d 1109, 1114 (9th Cir.2002) (“To support an adverse credibility determination based upon unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him.”). The BIA also improperly relied on minor inconsistencies in Spesovska’s testimony, such as the color of the uniforms of her attackers and how often she left the house while living in Mexico, as a basis for its adverse credibility determination. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003); see also Garrovillas v. I.N.S., 156 F.3d 1010, 1014 (9th Cir.1998) (stating that “inconsistencies of less than substantial importance” cannot serve as the sole basis for an adverse credibility finding). These findings are insufficient to support an adverse credibility determination because they are irrelevant to her asylum claim.
The BIA also improperly discredited Spesovska’s testimony because of her apparent failure to understand the meaning of the word “denomination.” The record, however, demonstrates that the interpreter had significant difficulty translating the word “denomination” to Spesovska. See Mendoza Manimbao, 329 F.3d at 662 (“[W]e have long recognized that difficulties in interpretation may result in seeming inconsistencies, especially in cases ... where there is a language barrier.”). Nevertheless, the record demonstrates that Spesovska accurately described the characteristics and beliefs of her current religion despite the difficulties in translation.
The BIA’s remaining justifications for its adverse credibility determination are based entirely upon speculation or conjecture and are, therefore, equally improper. See Ge v. Ashcroft, 367 F.3d 1121, 1124 (9th Cir.2004) (holding that an IJ’s finding cannot be based upon speculation). Therefore, Spesovska is deemed credible. See Shire v. Ashcroft, 388 F.3d 1288, 1299 (9th Cir.2004).
Alternatively, the BIA determined that, even if Spesovska had testified credibly, the events she experienced did not constitute past persecution on account of her religious beliefs or political opinion. Further the BIA found that the record did not establish that Spesovska was “ever mistreated” by Ukrainian officials.
The BIA was incorrect to say Spesovska was never mistreated by Ukrainian officials—the militia’s involvement in the beating she suffered after the demonstration provides one clear example of such mistreatment. Nonetheless, substantial evidence supports the BIA’s finding that Spesovska failed to establish she had experienced past persecution based on her religion. See Chand v. I.N.S., 222 F.3d 1066, 1073 (9th Cir.2000) (“In order to establish *949 eligibility for asylum on the basis of past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is ‘on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either ‘unable or unwilling’ to control.” (internal quotations marks and citation omitted)). All of the incidents in the record lacked either a nexus to Spesovska’s religion, or evidence of commission by Ukrainian officials, or both. Although a reasonable fact-finder could have found these incidents sufficient to establish past persecution based upon religion, we do not believe that a factfinder would be compelled to do so. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (court must uphold BIA’s denial of asylum unless alien demonstrates “that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution”). Thus, we conclude that substantial evidence supports the BIA’s determination that Spesovska failed to establish past persecution on account of her religious beliefs.
As noted above, by adopting and affirming the IJ’s decision, the BIA also found that Spesovska had failed to establish past persecution based on her political opinion. In doing so, the BIA rested on the IJ’s determination that Spesovska had “presented no evidence concerning her political opinions.” But Spesovska testified that the government destroyed placards demanding equal rights because of the problems of children learning the Ukrainian language. To the extent that this is a political opinion, neither the IJ or BIA addressed it. Thus, we grant and remand to the BIA to reconsider its initial conclusion that Spesovska failed to present evidence of past persecution based upon her political opinion. See I.N.S. v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (“[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” (internal quotation marks omitted)).
Because the BIA did not address the question of Spesovska’s individualized risk of future persecution based on her religion or her political opinion, we grant and remand so that the agency can make a determination of whether Spesovska has met the requirements for a well-founded fear of future persecution on either of those grounds. See Sael v. Ashcroft, 386 F.3d 922, 924-25 (9th Cir.2004); see also I.N.S. v. Ventura, 537 U.S. at 16, 123 S.Ct. 353.
We deny Spesovska’s petition for review of the agency’s determination that Spe-sovska is not eligible for relief under CAT. Spesovska failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured “by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity” if she returned to Ukraine. 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).
PETITION GRANTED in part, DENIED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.